## Commonwealth ex rel. Craig, Appellant, v. Banmiller.

Submitted March 25, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Harry Craig,* appellant, in propria persona, submitted a brief.

*John R. Graham,* Assistant District Attorney, *Ralph B. D'Iorio,* First Assistant District Attorney, and *Jacques H. Fox,* District Attorney, for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, April 16, 1963:

In 1931, Harry Craig, Frank Cox and Henry Hedinger were arrested and later indicted in Delaware County on charges of robbery with offensive weapon and other criminal offenses arising out of two separate robberies. All three defendants entered pleas of guilty before the late Honorable ALBERT D. MCDADE, Judge of the Court of Quarter Sessions of Delaware County. Judge MCDADE imposed sentences on these indictments which charged robbery with offensive weapon;[1] Craig

---

[1] Sentences on the other charges were suspended.

to pay a fine of $500 and costs and to serve imprisonment in the Eastern State Penitentiary for a minimum of ten years and a maximum of twenty years on *each* of the robbery charges, the sentences to run *consecutively;* Cox and Hedinger to pay fines of $500 and costs and to serve imprisonment in the Delaware County jail for a minimum term of five years and a maximum term of twenty years on each of the robbery charges, the sentences to run *concurrently.* At the time of trial and sentences both Cox and Hedinger were represented by counsel but Craig was not so represented.

The court paroled Cox on July 15, 1932 and Hedinger on December 15, 1932 but Craig was not paroled until July 31, 1953, having then served approximately twenty-one years.[2] After being paroled, Craig went to New Jersey where he was arrested on or about December 19, 1954 on the charge of breaking and entry and attempted larceny of a safe; upon being found guilty of this charge, he was sentenced on April 15, 1955 to serve an imprisonment for a minimum of ten years and a maximum of fourteen years in the Trenton State Penitentiary and he was finally paroled on September 13, 1960 since which time he has been confined in the Eastern State Penitentiary as a parole violator.

On September 18, 1961, Craig filed a petition for a writ of habeas corpus in the Court of Common Pleas of Delaware County claiming that he was being illegally detained in violation of his constitutional rights because: (a) the indictments under which sentences had been imposed had not been signed by the District Attorney; (b) that the indictments do not disclose that he had ever entered pleas of guilty to the offenses charged; (c) that he was not indicted by the grand

---

[2] While in the penitentiary Craig attempted to escape and for such offense was sentenced to serve an additional term of one to two years.

jury nor did he waive such indictments; (d) that he was refused the appointment and assistance of counsel. After a hearing, the Court of Common Pleas of Delaware County remanded Craig to the Eastern State Penitentiary to comply with the balance of the terms of his sentences. From that order an appeal was taken to the Superior Court which unanimously affirmed the action of the lower court. We granted allocatur.

In our consideration of this appeal we have read and fully examined not only the record of this proceeding in the Court of Common Pleas of Delaware County but also the entire record in the Court of Quarter Sessions of that county from the time of Craig's arrest in 1931 and throughout all subsequent proceedings.

The record clearly indicates that Craig was indicted by the grand jury on the charges upon which he was eventually sentenced and his complaint that he was not indicted is not supported by the record. Furthermore, while the word "guilty" does not appear upon the face of any of the indictments upon which Craig was sentenced, the record clearly shows that Craig in open court entered pleas of guilty to the indictments upon which he was sentenced. That the indictments upon which pleas of guilty were entered did not bear the signature of the District Attorney does not aid Craig.

Lastly, Craig alleges that at the time of his arraignment in court he requested the appointment of counsel, that such request was refused and that he did not have the benefit of the assistance of counsel at the time of his trial. Recently, (March 18, 1963), in *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792, the United States Supreme Court held that all accused are entitled to the assistance of counsel in state criminal prosecutions and that the right to such counsel for all accused in state criminal prosecutions is a fundamental right guaranteed by the United States Constitution and the

appointment of such counsel is essential to a fair trial. A reading of *Gideon* indicates that its application is *prospective* rather than *retroactive* and its requirement is that in the future all defendants in criminal prosecutions, state as well as federal, capital as well as noncapital, are entitled to the appointment of counsel. However, we do not interpret *Gideon* to require that a state court set aside the conviction of a defendant who lacked the assistance of counsel when he entered pleas of guilty more than thirty years prior to its ruling. In our view, *Gideon* does not compel us to grant this writ of habeas corpus or to discharge Craig.

At first blush, a reading of the petition for habeas corpus would indicate that, in comparison with his co-defendants, Cox and Hedinger, Craig was treated unfairly by the trial court, both in the extent of the sentences imposed on Craig and the length of imprisonment required. However, an examination of the record in its entirety shows very clearly why the trial court distinguished between Craig and his co-defendants in the punishment which it meted out to Craig. According to the trial court, Craig was "an old offender" whose "redemption was impossible" and one who had been given "ample opportunity for reformation by parole but violated the same with persistence and evidenced a vicious disposition to continue a wayward course", whereas Cox and Hedinger were first offenders. Proof of the soundness of this estimate of Craig is furnished by Craig's attempt to escape from imprisonment while in the Eastern State Penitentiary and by the fact that within a comparatively short time after he was paroled in this Commonwealth he violated the criminal laws of the State of New Jersey.

We find no merit whatsoever in Craig's petition for habeas corpus and are of the opinion that the order of the Court of Common Pleas of Delaware County affirmed by the Superior Court was proper.

Whether Craig's long term of confinement in the Eastern State Penitentiary—almost twenty-four years —and his conduct in such institution since his return thereto in 1960 now entitles him to consideration for release from confinement is not for us to determine. It may well be that Craig is entitled to a parole; however, that question is one for resolution by the executive branch of the government and not for this Court.

Order affirmed.