UNITED STATES ex rel. Harry CRAIG, Petitioner,

v.

David N. MYERS, Superintendent, State Correctional Institution, Graterford, Pennsylvania, Respondent.

Misc. No. 2547.

United States District Court
E. D. Pennsylvania.

Aug. 19, 1963.

John Graham, Media, Pa., for Commonwealth of Pennsylvania.

BODY, District Judge.

This Court has jurisdiction of the within petition for habeas corpus pursuant to 28 U.S.C.A. § 2241. Petitioner has exhausted his state remedy. Commonwealth ex rel. Craig v. Banmiller, 410 Pa. 584, 189 A.2d 875 (1963).

Craig is currently confined under sentence imposed on July 31, 1931 by the Court of Quarter Sessions, Delaware County, Pennsylvania. The docket entry in that court shows that petitioner entered a plea of guilty on the same day he was sentenced.

What the docket fails to show is whether Craig had a lawyer to represent him. Moreover, the Commonwealth conceded this as a fact on the record at the hearing held before this Court on August 14, 1963. Also conceded was the additional fact that petitioner had requested counsel and counsel was refused him. Craig so testified himself.

On March 18, 1963 the Supreme Court of the United States decided that an accused is entitled to the assistance of counsel in a non-capital criminal prosecution. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The Commonwealth of Pennsylvania has held that that case is not to be applied retrospectively. Commonwealth ex rel. Craig v. Banmiller, supra.

Rights which reach constitutional stature in 1963 were of the same magnitude in 1931. This proposition controls the instant case. Moreover, there is no doubt at all Gideon v. Wainwright, supra, applies to cases arising before that decision. On April 22, 1963 the Supreme Court of the United States remanded eighteen pending cases "for further con-

sideration in light of Gideon v. Wainwright * * *." Per Curiam Opinions, 372 U.S. 766–770, 773–780, 83 S.Ct. 1102, 1103, 1104, 1105, 1106, 1107. Of course, by remanding Gideon's case itself the court used the principle of retrospective application of a constitutional right. See also Norvell v. Illinois, 373 U.S. 420, 83 S.Ct. 1366, (1963); Eskridge v. Washington, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1957).

The petitioner is entitled to the writ.