## Commonwealth ex rel. Whiteside v. Rundle

*H. Pollock, B. L. Segal, W. J. Stevens Jr.,* and *L. Packel,* for petitioner.

*B. Satzberg* and *P. F. Casey,* for respondent.

GOLD, P. J., December 10, 1963. — Petitioner, Charles Whiteside, was arrested in the summer of 1958 for aggravated assault and battery. The accused's arraignment was postponed twice because he was attempting to secure counsel. Failing same for lack of funds, he was arraigned without counsel, pleaded not guilty and his trial was put down for January 6, 1959. On that date petitioner appeared without counsel, was tried without a jury, having "waived" his right to counsel. Found guilty, petitioner was sentenced to

prison for a term of not less than one nor more than three years by the Hon. Leroy van Roden, specially presiding. The present sentence commenced to run on July 6, 1963, following the expiration of a prison term for aggravated robbery.

The simple issues of this case are: (1) Whether petitioner's constitutional right to counsel shall be applied retroactively, and (2) whether petitioner had effectively waived his right to counsel.

It is clear that one accused of aggravated assault and battery is entitled to counsel by the sixth amendment to the United States Constitution: Gideon v. Wainwright, 372 U. S. 335 (1963); Commonwealth ex rel. Craig v. Banmiller, 410 Pa. 584 (1963). The Craig decision held that Gideon would not be applied retroactively.

We cannot follow Craig for three cogent reasons:

*First:* On April 22, 1963, the Supreme Court of the United States vacated and remanded 18 cases in which convictions had been obtained without counsel before the decision in Gideon for "further consideration in light of Gideon . . ." See 372 U. S. 766-70, 773-80.

Two of the remanded cases arose in Pennsylvania. In Commonwealth ex rel. Vecchiolli v. Maroney, 197 Pa. Superior Ct. 74 (1962), 372 U. S. 768 (1963), petitioner had been tried and sentenced over 20 years ago; in Commonwealth v. Garner, 196 Pa. Superior Ct. 578 (1961), 372 U. S. 768 (1963), petitioner had pleaded guilty to charges of assault and attempted armed robbery, had served his sentence and parole and was discharged more than 11 years ago. Again, on June 17, 1963, the court vacated and remanded 11 other cases of the same tenor for reconsideration in light of Gideon. See 374 U. S. 488, 489, 491, 492, 494, 505, 506, 507 and 508.

These cases are representative of the extent of retroactivity problems raised by the other 16, and we can

only conclude that by vacating and remanding these judgments the Supreme Court of the United States intended that the State courts apply Gideon retroactively.

*Second:* There is Federal court authority which disagrees with the decision in Commonwealth ex rel. Craig v. Banmiller, supra. In fact, our Supreme Court decision in that case was nullified by the United States District Court for the Eastern District of Pennsylvania, opinion by Judge Body. See United States ex rel. Craig v. Myers, 220 F. Supp. 762 (1963). In this case, Judge Body granted Craig's petition for habeas corpus, holding directly that Gideon is to be applied retrospectively. For further authority that the decision in Gideon is to have retroactive application, see the following: Hall v. Warden, Maryland Penitentiary, 313 F. 2d 483 (1963) ; Hurst v. People of the State of California, 211 F. Supp. 387 (1962) ; Striker v. Pancher, 317 F. 2d 780 (1963).

*Third:* It seems to us that the right to counsel should be placed on a higher plane than the right of an indigent defendant to a trial transcript at State expense. Certainly, if an indigent defendant's right to a trial transcript was held to be retroactive, as indeed it was held in Eskridge v. Washington State Board of Prison Terms and Paroles, 357 U. S. 214 (1958), it seems logical to us that the Supreme Court of the United States must eventually hold the constitutional right of counsel to be retroactive. See Patterson v. Medberry, 290 F. 2d 275, cert. denied, 368 U. S. 839 (1961).

It is our decision that Gideon is to be applied retroactively.

We now turn to the question whether petitioner had effectively waived his right to counsel. Petitioner had but eight years of formal education. From a thorough review of the record, it is our belief that at the time of his trial petitioner did not understand the statutory

offenses included within the criminal charge; the existence of, or the use of, the defenses which were available to him; what circumstances may have been relevant as tending to mitigate the seriousness of his actions; what considerations were relevant to an intelligent waiver of his right to trial by jury; and a consciousness that he had a constitutionally protected right to be represented by counsel at his trial. The trial judge at the start of petitioner's trial did not, in our opinion, make an effort to inform the accused of his constitutional rights. The following is the record, consisting of a colloquy between the assistant district attorney and the accused:

Mr. Peruto: "Charles Whiteside, you don't have an attorney; is that correct?"

Defendant: "Yes, sir."

Mr. Peruto: "There were three arraignment dates, but you just never secured counsel; is that right?"

Defendant: "Yes, sir."

Mr. Peruto: "Are you prepared to go to trial now?"

Defendant: "Yes, sir."

Mr. Peruto: "Do you want the judge to hear your case, without a jury, and decide your case?"

Defendant: "Yes, sir."

Mr. Peruto: "All right."

In Von Moltke v. Gillies, 332 U. S. 708 (1947), the court established the following test for effective waiver:

"To be valid, such a waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances

under which such a plea is tendered": 332 U. S. at 724.

In Johnson v. Zerbst, 304 U. S. 458 (1938), the court recognized that an accused may waive the right to counsel. It held that whether there has been a proper waiver should be clearly determined initially by the trial court which has the responsibility to make the accused's determination appear as a matter of record. In addition, courts must indulge every reasonable presumption against the waiver of fundamental constitutional rights.

In the instant case, no determination was made by the court as a matter of record, and under the circumstances, it must be said the petitioner had not effectively and intelligently waived his right to counsel.

The petition for the writ of habeas corpus is granted. A new trial is granted to petitioner.

---

JUDGE'S NOTE.—Recently two Federal courts of appeal have held that the furnishing of counsel requirements of Gideon apply to State criminal convictions obtained before Gideon: U. S. ex rel. Durocher v. La Vallee, U. S. Court of Appeals for the 2d Circuit, March 26, 1964, Kaufman, J.; and U. S. ex rel. Craig v. Myers, U. S. Court of Appeals for the 3rd Circuit, April 2, 1964, Hastie, J.