Opinion by
 

 Watkins, J.,
 

 This is an appeal from the dismissal of a writ of habeas corpus by the Court of Common Pleas of Allegheny County, without a hearing.
 

 The petitioner, Ernest Marshall, was indicted and pleaded guilty to three counts of a bill of indictment charging as follows: (1) Possession and control of narcotics; (2) Dealing with narcotics; and (3) Using narcotics. He entered a plea of guilty and was sentenced on November 2, 1959 to a term of 2% to 5 years in the Western State Penitentiary.
 

 His present petition raises questions of trial errors involving illegal search and seizure. All these complaints were raised in a prior writ of habeas corpus which was dismissed by the Court of Common Pleas of Allegheny County. This action, by the court below, was affirmed, on appeal, by this Court. That appeal' raised the same questions as to the legality of arrest and illegal seizure of evidence that this one does.
 
 *397
 
 This Court held: “Since a plea of guilty had been entered, evidence normally used to obtain a conviction is not in issue, nor can such matter, under these circumstances, be raised by habeas corpus.”
 
 Com. ex rel. Marshall v. Maroney,
 
 198 Pa. Superior Ct. 85, 87, 181 A. 2d 852 (1962). The Supreme Court of Pennsylvania and the Supreme Court of the United States denied certiorari. The United States District Court for the Western District of Pennsylvania denied a petition for a writ of habeas corpus.
 

 The only additional complaint contained in this petition is that his counsel was inadequate and in the light of
 
 Gideon v. Wainwright,
 
 372 U.S. 335, 83 S. Ct. 792, 9 L. ed. 2d 799, which has resulted in a change in the law of Pennsylvania, the matter deserves extended discussion. The petitioner was represented by Albert Martin, Esquire, of the Allegheny County bar. According to the answer of the District Attorney, Mr. Martin is “skilled, competent and experienced” in practice in the criminal courts, and we assume the court below took judicial notice of this.
 

 The record shows that the case was originally fixed for trial on October 13, 1959 but, because of a cross-engagement of his counsel, it was continued to November 2, 1959. At the time of sentence, he entered his plea of guilty on the advice of counsel and in his presence. It is clear from the record that he had the benefit of counsel for a period of three weeks before he entered his plea.
 

 This case is easily distinguishable from the cases decided by the Supreme Court of the United States on April 22, 1963, all reported in 372 U.S. 768, 10 L. ed. 2d 138 (advanced reports May 6, 1963). The Supreme Court, in these decisions, vacated the judgment of the Supreme Court of Pennsylvania in refusing allocaturs from this Court’s decisions in
 
 Com. v. Garner,
 
 196 Pa. Superior Ct. 578, 176 A. 2d 177 (1961);
 
 Com. ex rel.
 
 
 *398
 

 Weigner v. Russell,
 
 197 Pa. Superior Ct. 82, 177 A. 2d 148
 
 (1962);
 
 and
 
 Com ex rel. Vecchiolli v. Maroney,
 
 197 Pa. Superior Ct. 74, 177 A. 2d 459 (1962). The Supreme Court of the United States vacated the judgments and remanded the cases for further consideration in the light of
 
 Gideon v. Wainwright,
 
 supra, and on June 21, 1963 the Supreme Court of Pennsylvania remanded the cases for hearing in the court below and directed appointment of counsel.
 

 In the
 
 Garner
 
 case there was a guilty plea, without the benefit of counsel, and the record did not disclose whether or not the defendant requested the assistance of counsel or that he was advised of this right. This is also true of the
 
 Weigner
 
 and
 
 Vecchiolli
 
 cases. In the instant case he had counsel of his own choosing, prior to his plea and sentence and at the time of the plea and sentence he now complains that his counsel’s advice was inadequate. This is without merit and, we believe, beyond the contemplation of the Supreme Court’s. decision in
 
 Gideon v. Wainwright,
 
 supra. See
 
 Com. ex rel. Uhler v. Myers, 202
 
 Pa. Superior Ct. 398, 195 A. 2d 801 (1963).
 

 Order affirmed.