Opinion by
Watkins, J.,
This is an appeal from the denial of a writ of habeas corpus by the Court of Common Pleas of Berks County, without a hearing. The petitioner, Joseph Uhler, was indicted on charges of burglary and larceny. He entered a plea of guilty and Avas sentenced on June 11, 1962, to pay a fine of $50 and to undergo imprisonment for not less than two years nor more than five years.
The only questions involved in this appeal are the contentions of the petitioner that he was denied due *400 process by not being represented by counsel, and was not afforded an opportunity to say anything on his behalf before sentence was imposed.
We must examine the questions raised herein carefully in the light of the ruling of the Supreme Court of the United States in Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L. ed. 2d 799. The record shows that the petitioner’s arraignment was held on Tuesday, June 5, 1962 before President Judge Warren K. Hess, and the following colloquy took place between the petitioner defendant, the district attorney and Judge Hess : Mr. Brubaker: “Q. Do you have an attorney? A. I do not. Q. How do you plead to this charge of burglary and larceny? A. I am at this time entering a plea of guilty. Q. You plead guilty. The Court : Q. You understand the charge against you? A. I do fully understand. Q. You understand you have the right to plead guilty or not guilty? A. That is right. Q. You are familiar with the nature of the charge? A. I am quite familiar. Mr. Brubaker : Q. Frank’s Bar charged that you broke into that place. After having broken into it you took $1.30 out of one of the machines? A. That is right. Q. You understand you have a right to have an attorney? A. I would like to act as my own counsel. The Court: The plea of guilty may be entered. Mr. Brubaker: You will be called for sentence on the 11th.”
On June 11, 1962, as advised at the time of arraignment, the defendant was called for sentence before the Hon. Albert S. Readinger. . The record shows that a detailed statement of the circumstances of the ■offense was given to the court by a police officer and the probation officer gave the court a resume of the defendant’s background. He did not deny the offense or ask to withdraw his plea, which had been entered at the time of the arraignment. The court questioned him concerning the offense, his work record, the 27 *401 years lie spent in jail; his age and the disposition of his money. This is all part of the record which includes the arraignment and the sentence. At no time during the sentencing did the petitioner indicate that he wished to say more than he did. He volunteered the statement: “I didn’t come to Reading for the purpose of committing crime.”
We agree with the court below that: “The record in this case amply indicates that this petitioner was not only advised that he had a right to have counsel before entering his plea, but that he was given the opportunity to speak on his own behalf at the time of sentence.”
The only object of a hearing in this case would be to impeach the court records of the arraignment and sentence so that the court below properly dismissed the petition without hearing. Com. ex rel. Karpinski v. Burke, 182 Pa. Superior Ct. 135, 125 A. 2d 460 (1956).
It is clear from this record that this defendant was carefully advised by the court below of his right to be represented by counsel before he entered his plea of guilty and the defendant indicated clearly his desire not to have counsel but to represent himself. This advice at the time of the arraignment, at which time his plea was entered, extended to the time of sentencing at the later date. The record, then, is clear that at no time did he indicate any desire to be represented by counsel, or to withdraw his plea, and he was given every opportunity to speak on his behalf. This Court has recently decided a number of cases, involving the right to counsel, that raise more difficult questions than this one. Com. ex rel. Eberle v. Rundle, 202 Pa. Pa. Superior Ct. 84, 195 A. 2d 161 (1963); Com. ex rel. Marshall v. Maroney, 202 Pa. Superior Ct. 395, 196 A. 2d 187 (1963); Com. ex rel. Firmstone v. Myers, 202 Pa. Superior Ct. 292, 196 A. 2d 209 (1963).
Decision affirmed.