Opinion by
Watkins, J.,
This is an appeal from the order of the Court of Common Pleas of Lackawanna County denying a writ of habeas corpus to the petitioner, James Slebodnik, without a hearing. The appellant on May 22, 1959, entered a plea of guilty to fifteen indictments charging burglary and larceny. He was sentenced to a term, of five to ten years. This petition was for the purpose of securing his release from the State Correctional system. The only question involved in this appeal is whether he was denied due process by not being represented by counsel at the time he entered his plea of guilty, in the light of the ruling by the Supreme Court of the United States in Gideon v. Wainright, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799.
The record shows at the time he entered his plea that the following took place: “By The Court; (To the defendant) James, you. are charged here, as you heard the District Attorney say, with indictments that charge burglary and larceny in some fifteen cases, I am not going to go over every one of these indictments, but I want you to understand that you do not have to plead guilty to any of the charges made, any criminal charge against you. Do you understand that? A. Yes, sir. By The Court : You have a right to. a trial and you have a right to be represented at that trial by a lawyer. If you do not have a lawyer, you have .a right to have the court appoint a lawyer for you. When you plead guilty to these fifteen cases you waive your rights and admit the facts as charged in the indictments, and you will be sentenced on your plea of guilty. Do you understand that? A. Yes, sir.. By The Court: Understanding that, do you still wish to enter a plea of guilty? A. Yes, sir.”
It is clear from this record that he was carefully advised by the court below as to his constitutional right to be represented by ■ counsel .before he entered *594 Ms plea and that he specifically waived his right to counsel; that there was no denial of due process; and that the rule of Gideon v. Wainright, supra, does not apply here. Com. ex rel. Marshall v. Maroney, 202 Pa. Superior Ct. 395, 196 A. 2d 187 (1963); Com. ex rel. Uhler v. Myers, 202 Pa. Superior Ct. 398, 195 A. 2d 801 (1963).
Order affirmed.