Opinion by
Watkins, J.,
This is an appeal from an order of the Court of Common Pleas No. 1 of Philadelphia County, dismissing the petition of James W. McDonald for a writ of habeas corpus without a hearing.
The defendant-relator was indicted in the December Session of 1954 together with three other persons charged with assault, being armed with an offensive weapon with intent to rob; assault, together with other persons with intent to rob; robbery, being armed with an offensive weapon; robbery together with other persons; and robbery and at commission thereof, beating, striking and ill using. He first entered a plea of not guilty and then appeared for trial on January 26, 1955, •at which time he changed his plea to guilty. After hearing testimony the trial judge, the Honorable Curtis Bok, the late Justice Curtis Bok, sentenced him to undergo imprisonment at the Eastern State Penitentiary for a term of not less than five years nor more than ten years. The petition is predicated on the sole ground that the defendant was denied his constitutional right to representation by counsel in the light of the ruling by the Supreme Court of the United States in Gideon v. Wainright, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799.
There is nothing in Gideon v. Wainright, supra, that holds that the accused may not waive his constitutional right to counsel provided it is waived intelligently, understandingly and in a competent manner. Johnson v. Zerbst, 304 U.S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938). See also: Com. v. Crandall, 145 Pa. Superior Ct. 353, 21 A. 2d 232 (1941).
The following is an extract taken from the notes of testimony at the defendant’s trial. “The . Court; *596 .Ahd,-Mr. McDonald,, what is your situation? Depend-ant McDonald: I don’t want a lawyer. The Court: Why not? Dependant McDonald: The Public Defender refused to represent me and they asked me do T want to defend myself and I said, ‘I don’t care’. The Court: Do you understand the nature of the charges ’against you? Do you? Dependant McDonald: Yes, sir. The Court: Robbery? Dependant. McDonald: Yes, sir. The Court: Carrying a gun? Dependant McDonald: Yes, sir. The Court: Then I understand from you that you don’t want a lawyer? Dependant McDonald : Yes, sir.”
We agree with the court below that this was clearly a Waiver of the right to have counsel; that there was ,no denial of due process; and that the rule of Gideon v. Wainright, supra, does not apply. Com. ex rel. Marshall v. Maroney, 202 Pa. Superior Ct. 395, 196 A. 2d 187 (1963); Com. ex rel. Uhler v. Myers, 202 Pa. Superior Ct. 398, 195 A. 2d 801 (1963); Com. ex rel. Slebodnik v. Myers, 202 Pa. Superior Ct. 592, 198 A. 2d 439 (1964).
Order affirmed.