Commonwealth ex rel. Davis, Appellant, *v.* Rundle.

Submitted December 10, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

William Floyd Davis, Jr., appellant, in propria persona.

Alfred Delduco, Assistant District Attorney, and Samuel J. Halpren, District Attorney, for appellee.

OPINION PER CURIAM, June 24, 1964:

This is an appeal from the order of the court below refusing a writ of habeas corpus to the appellant.

The appellant entered a plea of guilty to an indictment charging burglary and larceny. He was sentenced by the court below to pay a fine of $100.00 plus costs of prosecution, and to serve from two to four years in the State Correctional Institution at Philadelphia from the date of his commitment, January 25, 1962.

In the opinion of the court below it is stated that appellant made no request to have counsel appointed to represent him at his trial and that he made an intelligent and understanding waiver of the right to counsel. The writ was refused by the court below on the authority of Com. ex rel. Craig v. Banmiller, 410 Pa. 584, 189 A. 2d 875, and Com. ex rel. Simon v. Maroney, 405 Pa. 562, 176 A. 2d 94. It has subsequently

been determined that the decision of the Supreme Court of the United States in *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792, 9 L. ed. 2d 799, is retroactive.

This case is therefore remanded to the court below "for further consideration in the light of Gideon v. Wainwright" and in light of our opinion filed June 23, 1964, in *Com. ex rel. Goodfellow v. Rundle,* 203 Pa. Superior Ct. 419, 201 A. 2d 615, as finally determined by the Pennsylvania Supreme Court on our certification.

Specific findings should be made by the court below on the following: (1) whether the petitioner had counsel, and if not, whether he was told by the judge, the district attorney or other person that counsel would be appointed upon request; (2) whether he requested counsel and if so when, where and of whom the request was made; (3) whether or not the petitioner was indigent, or unable to obtain counsel for any other reason; (4) whether or not the petitioner waived counsel in writing or orally, and (5) all other relevant circumstances relating to his capacity and intention to waive counsel.

Order reversed and cause remanded with a procedendo.