UNITED STATES of America ex rel.
James SLEBODNIK, Appellant,

v.

COMMONWEALTH OF PENNSYLVA-
NIA, David N. Myers, Superintendent,
State Correctional Institution, Grater-
ford, Pennsylvania.

No. 15050.

United States Court of Appeals
Third Circuit.

Argued March 1, 1965.

Decided March 25, 1965.

Samuel Dashiell, Philadelphia, Pa., for
appellant.

Ralph P. Needle, Asst. Dist. Atty.,
Lackawanna County, Scranton, Pa., for
appellees.

Before BIGGS, Chief Judge, and
FORMAN and FREEDMAN, Circuit
Judges.

BIGGS, Chief Judge.

On August 22, 1957, the petitioner,
James Slebodnik, was arrested for lar-
ceny and was indicted and sentenced to
the Pennsylvania Correctional Institute
for Juveniles at Camp Hill, Pennsylvania,
for an indefinite term of imprisonment
but not to exceed five years. He was 17
years old at that time but was not repre-
sented by counsel and pleaded guilty.
He was put on parole from Camp Hill
and while on parole it is alleged that he
committed burglaries and larcenies in
March and April 1959.

He was indicted on an indictment con-
taining fifteen counts charging burglary
or larceny, and was sentenced to serve
from five to ten years imprisonment on
each count, the sentences to run concur-
rently. Various attempts have been
made by Slebodnik to secure habeas cor-

pus from the courts of the Commonwealth of Pennsylvania. See Commonwealth ex rel. Slebodnik v. Myers, 202 Pa.Super. 592, 198 A.2d 439 (1964). The Supreme Court of Pennsylvania has denied him relief.

The appeal at bar is from a decision of the court below denying him a writ of habeas corpus. We appointed counsel and brought the case on for argument. The Assistant District Attorney of Lackawanna County, Pennsylvania, has communicated with the Clerk of this court by a letter dated February 15, 1965, respecting this matter, stating that the "District Attorney of Lackawanna County does not desire to contest the * * * appeal and will agree to the granting of a new trial" in this matter. The Commonwealth of Pennsylvania was not represented at the argument before us.

The decision of the court below was based upon the conclusion that the petitioner had been sufficiently apprised of his rights when he pleaded guilty in the Court of Quarter Sessions of the Peace of Lackawanna County. This was because of the following. The Court informed Slebodnik that he had been indicted on charges of burglary or larceny "in some 15 cases". The Court also said to Slebodnik, "I am not going to go over every one of these indictments, but I want you to understand that you do not have to plead guilty to any of the charges made, any criminal charge against you. Do you understand that?" The petitioner replied: "Yes, sir." The trial Judge went on to state to the petitioner: "You have a right to a trial and you have a right to be represented at that trial by a lawyer. If you do not have a lawyer, you have a right to have the court appoint a lawyer for you. When you plead guilty to these fifteen cases you waive your rights and admit the facts as charged in the indictments, and you will be sentenced on your plea of guilty. Do you understand that?" The petitioner answered: "Yes, sir." The Court then said: "Understanding that, do you still wish to enter a plea of guilty?" The petitioner replied for the third time, "Yes, sir."

 We conclude that the Court of Quarter Sessions failed to inform the petitioner adequately of his right to counsel so that his conduct cannot be deemed to have constituted an intelligent waiver of counsel, and also failed to make clear to the petitioner the complicated nature of the indictment returned against him containing fifteen counts charging separate offenses and the legal consequences stemming from this large indictment and the possible consequences of a plea of guilty. In our opinion the Lackawanna Court of Quarter Sessions failed to meet the requirements of the modern Pennsylvania rule. In so stating, we do not intend to imply or suggest that the courts of the United States are bound by state court views of what may constitute due process of law.

To demonstrate the change effected in the law of Pennsylvania in aspects pertinent to the case at bar we quote from the opinion of the Supreme Court of Pennsylvania in Commonwealth ex rel. O'Lock v. Rundle, 415 Pa. 515, 525, 204 A.2d 439, 444–445, decided November 10, 1964, after the decision of the court below in the instant case, in which it is stated: "Depending upon the particular circumstances of the case, the record must show, among other things, that the accused knew the nature of the crime charged against him, was advised or was aware of his right to counsel, and, if indigent or otherwise unable to secure counsel, that he was advised or was aware of his right to have assigned counsel but that the accused intelligently and understandingly rejected the services of counsel. However, where the accused enters a plea of guilty to a complicated offense, or where he pleads not guilty and is faced with an involved criminal charge and the attending trial circumstances tend to make the whole proceeding complex or obscure to the unrepresented layman, the nature and completeness of the examination discussed in McCray [Commonwealth ex rel. McCray v. Rundle, 415 Pa. 65, 202 A.2d

303 (1964)] is required. The proper and efficient administration of criminal justice can be best achieved when the facts regarding waiver clearly appear in the record assembled during the conviction proceedings. It is expected that this will be the future practice.

"When the Commonwealth charges a citizen with a transgression against its laws and musters its forces to establish the guilt of an accused, our courts must be zealous in assuring that the defendant is given every constitutional opportunity to meet the accusations lodged against him. Every judge understands the complexity of our criminal law. Every judge is aware that untutored laymen may well be unable to fully comprehend the effect of a plea of guilty. Every judge realizes that an accused, even one who has been before the courts before, often feels awed by the proceedings in which he is involved. Only counsel may adequately protect the interests of the criminal defendant. Such counsel, if desired, must be afforded. The constitution demands no less." [1]

We point out that in the O'Lock case, supra, as well as in Commonwealth ex rel. McCray v. Rundle, 415 Pa. 65, 202 A.2d 303 (1964), the Supreme Court of Pennsylvania took the position that the principle of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) applied to convictions prior to its date. But despite this fact, in view of the attitude taken by the District Attorney of Lackawanna County, which constitutes a very special circumstance in this case, we are convinced that the delicate balance which comity requires to exist between the Courts of the Commonwealth of Pennsylvania and our federal tribunals will not be disturbed by vacating the judgment and remanding the case to the court below with directions to grant the writ of habeas corpus as sought by the petitioner.

If Slebodnik be retried, as we assume he will be, we point out that no issue of double jeopardy can be successfully raised under the circumstances. See the authorities cited in United States ex rel. Wilkins v. Banmiller, 325 F.2d 514, 525 (3 Cir. 1963), cert. denied, 379 U.S. 847, 85 S.Ct. 87, 13 L.Ed.2d 51 (1964), and in United States ex rel. Scoleri v. Banmiller, 310 F.2d 720–725 (3 Cir. 1962), cert. denied, 374 U.S. 828, 83 S. Ct. 1866, 10 L.Ed.2d 1051 (1963), and the decisions set out in note 6 cited to the text of the opinion last cited.

We will vacate the judgment and remand the case with the direction that the court below issue a writ of habeas corpus to Slebodnik without prejudice to the right of the Commonwealth of Pennsylvania to try him again on the same charges, should that course be deemed advisable.

The court takes this occasion to express its appreciation of the cogent brief and able argument of Samuel Dashiell, Esquire, attorney for the petitioner.

---

1. References to footnotes have been omitted.