UNITED STATES of America ex rel. James W. McDONALD, Appellant,

v.

COMMONWEALTH OF PENNSYLVANIA, David N. Myers, Superintendent, State Correctional Institution, Graterford, Pennsylvania.

No. 15033.

United States Court of Appeals Third Circuit.

Argued March 4, 1965.

Decided March 29, 1965.

448

Martin Greitzer, Philadelphia, Pa., for appellant.

Joseph M. Smith, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, Pa. (Stanley M. Schwarz, Asst. Dist. Atty., F. Emmett Fitzpatrick, Jr., First Asst. Dist. Atty., James C. Crumlish, Jr., Dist. Atty., Philadelphia, Pa., on the brief), for appellees.

Before BIGGS, Chief Judge, and FORMAN and FREEDMAN, Circuit Judges.

FREEDMAN, Circuit Judge.

The court below denied appellant's petition for a writ of habeas corpus which attacked his conviction and sentence in a State court on the ground that he was without benefit of counsel. A previous petition in the State courts had failed. Commonwealth ex rel. McDonald v. Rundle, 202 Pa.Super. 594, 198 A.2d 324 (1964), allocatur refused.

We believe the order of the court below must be vacated and the record remanded to it so that the case may be reconsidered on a firmer factual foundation. If the court below should conclude that appellant's federal constitutional rights were invaded, this will also afford it an opportunity to consider whether, as a matter of comity, it should remit him to the State courts in view of the most recent Pennsylvania decisions. These decisions

have significantly altered the former Pennsylvania view of the scope and extent of relief on habeas corpus, the retrospective operation of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L. Ed.2d 799 (1963), and the extent of the inquiry which the trial courts are required to make before accepting a plea of guilty and in determining whether a waiver of counsel is made voluntarily and intelligently.

 1. The opinion of the court below states that appellant pleaded guilty in 1955 to a charge of armed robbery and was sentenced for a term of not less than five nor more than ten years, and that the maximum sentence was to expire December 22, 1964. At the argument before us counsel agreed that the appellant is still in confinement, apparently because the commencement of service of the sentence here under consideration was postponed until the completion of some prior sentence. Of course, if the sentence has expired or if the appellant is not in confinement on the present sentence, the case would be moot. Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L. Ed.2d 963 (1960); Palumbo v. State of New Jersey, 334 F.2d 524 (3 Cir. 1964). This threshold problem presents a factual question and the appropriate place for its determination is in the trial court.

2. The court below determined that the petition was inadequate on its face. Hence it issued no order requiring an answer or return and held no evidentiary hearing. Its opinion makes it clear that it examined the opinions of the trial court and of the Superior Court in Commonwealth ex rel. McDonald v. Rundle, supra, but we do not know whether the "record" which it also examined consisted of anything beyond the petition for habeas corpus. The relevant record certified to us under our Rule 16 contains only the petition for the writ and the opinion and order of the court below. The complete record of the proceedings in which appellant is said to have waived the right to counsel and entered his plea of guilty was not made a part of the record in the court below and is not before us, except in so far as it is referred to in the opinions of the State courts and in the briefs of counsel on this appeal.

 It is of the utmost importance for the trial court in arriving at its decision and for our review that the record of the State criminal proceedings, to the extent it is relevant to the questions raised by the petition for habeas corpus, be made a part of the record in the federal habeas corpus action. This is but a corollary to the fundamental principle stated in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), that "the power of inquiry on federal habeas corpus is plenary" (p. 312, 83 S.Ct. p. 757), and that "a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts." (pp. 312–313, 83 S.Ct. p. 757). It was therefore said in Townsend v. Sain: "A District Court sitting in habeas corpus clearly has the power to compel production of the complete state-court record. Ordinarily such a record—including the transcript of testimony (or if unavailable some adequate substitute, such as a narrative record), the pleadings, court opinions, and other pertinent documents—is indispensable to determining whether the habeas applicant received a full and fair state-court evidentiary hearing resulting in reliable findings." (p. 319, 83 S.Ct. p. 760). See also People of United States ex rel. Jennings v. Ragen, 358 U.S. 276, 79 S.Ct. 321, 3 L.Ed.2d 296 (1959).[1]

1. Cf. the following provisions of 28 U.S.C.:
"On application for a writ of habeas corpus, evidence may be taken orally or by deposition, or, in the discretion of the judge, by affidavit. If affidavits are admitted any party shall have the right to propound written interrogatories to the affiants, or to file answering affidavits." (§ 2246)

"On application for a writ of habeas corpus documentary evidence, transcripts of proceedings upon arraignment, plea and sentence and a transcript of the oral testimony introduced on any previous similar application by or in behalf of the same petitioner, shall be admissible in evidence." (§ 2247)

■ Such a record would show the indictment or indictments to which appellant pleaded guilty, the number of counts therein and whether, as we were told at the argument, they were disposed of by the imposition of a sentence on one count and the suspension of sentence on a number of other counts. It would also contain all those relevant portions of the trial transcript which contain any statements by him relevant to the voluntariness of his waiver of the right to counsel and his understanding of the indictment or indictments to which he pleaded guilty. Such a record would also disclose when the appellant began to serve the present sentence and whether it has already expired.

3. With a complete record the court below will then be in a position to make an adequate determination of the question whether defendant voluntarily waived the right to counsel.

The Pennsylvania cases now reflect the federal requirements on the constitutional question here involved. The Supreme Court of Pennsylvania, reversing its former decision in Commonwealth ex rel. Craig v. Banmiller, 410 Pa. 584, 189 A.2d 875 (1963), has now held, following our decision in United States ex rel. Craig v. Myers, 329 F.2d 856 (3 Cir. 1964), affirming 220 F.Supp. 762 (E.D. Pa.1963), that the principle of Gideon v. Wainwright is retrospectively applicable. Commonwealth ex rel. McCray v. Rundle, 415 Pa. 65, 202 A.2d 303 (1964); Commonwealth ex rel. O'Lock v. Rundle, 415 Pa. 515, 204 A.2d 439 (1964); Commonwealth ex rel. Johnson v. Maroney, 416 Pa. 451, 206 A.2d 322 (1965).[2] In the McCray case a writ of habeas corpus was allowed and a new trial ordered in circumstances not entirely unlike the present case. The court relied heavily upon Von Moltke v. Gillies, 332 U.S. 708, 724,

68 S.Ct. 316, 323, 92 L.Ed. 309 (1947), where the Supreme Court of the United States said: "To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered."

In the O'Lock case, handed down after the decision of the court below in the present case, the court expressly reaffirmed its McCray case. Mr. Justice Roberts said: "We take this opportunity to re-emphasize what we noted in Commonwealth ex rel. McCray v. Rundle, supra, concerning some of the factors to be considered in determining whether the accused intelligently and understandingly waived his right to counsel. Our courts must be extremely cautious in finding waiver of a constitutional right so fundamental and so pervasive as the right to counsel. * * *" (415 Pa. p. 525, 204 A.2d p. 444).

"Depending upon the particular circumstances of the case, the record must show, among other things, that the accused knew the nature of the crime charged against him, was advised or was aware of his right to counsel, and, if indigent or otherwise unable to secure counsel, that he was advised or was aware of his right to have assigned counsel but that the accused intelligently and understandingly rejected the services of counsel." (pp. 525–526, 204 A.2d 444)

2. See also Commonwealth ex rel. Gaito v. Maroney, 416 Pa. 199, 204 A.2d 758 (1964) and Commonwealth v. Patrick, 416 Pa. 437, 206 A.2d 295 (1965), holding that the rule of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) will be applied retrospectively;

Commonwealth ex rel. Ensor v. Cummings, 416 Pa. 510, 207 A.2d 230 (1965), holding Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961) applicable to an appeal pending when Mapp was decided.

The factual basis on which the State courts and the court below held that appellant waived the right to counsel appears in an extract from the record of the original State court proceeding. This extract is quoted in the State court opinions denying habeas corpus, and is referred to in the opinion of the court below in the present case:

"THE COURT: And, Mr. McDonald, what is your situation?

"DEFENDANT MCDONALD: I don't want a lawyer.

"THE COURT: Why not?

"DEFENDANT MCDONALD: The Public Defender refused to represent me and they asked me do I want to defend myself and I said, 'I don't care'.

"THE COURT: Do you understand the nature of the charges against you? Do you?

"DEFENDANT MCDONALD: Yes, sir.

"THE COURT: Robbery?

"DEFENDANT MCDONALD: Yes, sir.

"THE COURT: Carrying a gun?

"DEFENDANT MCDONALD: Yes, sir.

"THE COURT: Then I understand from you that you don't want a lawyer?

"DEFENDANT MCDONALD: Yes, sir."

The extract is at best fragmentary, as is shown by the additional material printed in the Commonwealth's brief on this appeal. This emphasizes for us the need for a complete record on the subject.

█ We do not, however, hesitate to declare that on the extract alone there is no doubt that the recent Pennsylvania cases would require the granting of the writ because the waiver of counsel was not made with full understanding and comprehension of the appellant's constitutional rights. See the McCray and O'Lock cases, supra. See also United States ex rel. Slebodnick v. Commonwealth of Pennsylvania 343 F.2d 605 (3 Cir. 1965).

█ 4. What has been said regarding the waiver of counsel is equally true regarding the appellant's plea of guilty. Indeed, the two are inevitably entwined, for a hearing on a plea of guilty is a critical stage in the proceedings against the accused, one in which his need for counsel is most urgent. The exercise of judgment on the factual issues, the legal problems of evidence by which facts may be proven, the elements and ingredients of the crime charged, all these are matters which no layman, however intelligent or how often embroiled in legal proceedings, can be presumed to comprehend adequately, especially when, because his own freedom is at stake, it would be impossible to expect of him the detached, impersonal judgment which is the unique contribution of a professional advisor. See Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1947); the O'Lock case, supra, 415 Pa. at pp. 521–522, 204 A.2d 439. In such a case, therefore, the question whether the plea of guilty is voluntarily and intelligently made can only be determined if it is shown on the record what comprehension the accused had of the nature and elements of the charge against him, of the defenses available to him and of the consequences which might flow from a plea of guilty (see Commonwealth ex rel. Barnosky v. Maroney, 414 Pa. 161, 165, 199 A.2d 424 (1964)), and these facts should appear on the record at the time the plea of guilty is entered. See Barnosky case, supra, at p. 161, 199 A.2d 424, and the O'Lock case, supra, 415 Pa. at p. 527, 204 A.2d 439.

█ The court below will determine, in its independent judgment, after consideration of a complete record, whether the application for habeas corpus is well founded. If it decides that the appellant's constitutional rights were invaded either by his conviction and sentence without counsel or by the acceptance of his plea of guilty, it will then determine as a matter of comity in the maintenance of the delicate balance of judicial power between the Commonwealth of Pennsylvania and the United States whether it should remit appellant to the State courts for his remedy, in the light of the full relief now available there, or should it-

self, without further delay, afford the relief now sought. See United States ex rel. Dalton v. Meyers, 342 F.2d 202 (3 Cir. 1965), and cf. United States ex rel. Drew v. Myers, 327 F.2d 174 (3 Cir. 1964); United States ex rel. Slebodnick v. Commonwealth of Pennsylvania, 343 F.2d 605 (3 Cir. 1965). We intimate no view on this question, which is one for the independent judgment of the court below.

The judgment will be vacated and the case remanded to the court below for further proceedings in accordance with this opinion.

The Court expresses its thanks to Martin Greitzer, Esquire, who briefed and argued the appeal on behalf of the appellant by appointment of the Court.