**UNITED STATES ex rel. Edward COLWELL**

v.

**A. T. RUNDLE.**

**Misc. No. 3148.**

United States District Court
E. D. Pennsylvania.

Feb. 28, 1966.

©=641(1)

Martin Greitzer, Philadelphia, Pa., for petitioner.

Joseph M. Smith, Asst. Dist. Atty., Philadelphia, Pa., for respondent.

DAVIS, District Judge.

The relator was convicted of robbery by the Court of Oyer and Terminer and General Jail Delivery of Philadelphia County, Pennsylvania in 1954 and was sentenced to a term of 5 to 10 years which he is presently serving.[1] Having exhausted his state remedies pursuant to 28 U.S.C. § 2254, he now petitions this court for a Writ of Habeas Corpus and for release from custody on the ground that he was denied the assistance of counsel at his trial in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

The record of his jury trial in the state court indicates clearly that he was not represented by counsel, and that he acted as his own lawyer. The question therefore becomes whether the relator intelligently and effectively waived his constitutional right to counsel. The burden of showing, by a preponderance of the evidence, that he did not intelligently and effectively waive this right rests on the relator. Moore v. Michigan, 355 U.S.

1. The prisoner has not yet completed the ten years since he was on parole for a period of time.

155, 161–162, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957); Johnson v. Zerbst, 304 U.S. 458, 468–469, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Palumbo v. State of New Jersey, 334 F.2d 524, 533 (3d Cir. 1964).

The transcript of the Notes of Testimony from his trial in the state court shows the following with reference to the relator's lack of counsel:

MR. OLIENSIS [2]: Colwell, you have no lawyer?

DEFENDANT COLWELL: I got messed up somewhere, I mean, with my correspondence, and I lost out on it, but I will stand trial without a lawyer, sir.

THE COURT: You will waive a jury trial?

DEFENDANT COLWELL: No, I am taking a jury trial.

THE COURT: What is your name?

DEFENDANT COLWELL: Colwell.

THE COURT: You want to proceed without a lawyer?

DEFENDANT COLWELL: Yes.

MR. OLIENSIS: With submission to your Honor, ladies and gentlemen of the jury, we are here to try two defendants, one William Crager and one Edward Colwell, on several bills of indictment, but they all occur out of one transaction. Mr. Alessandroni represents Crager, but Colwell is his own lawyer. He represents himself.

THE COURT: Say further he desires no attorney.

MR. OLIENSIS: He desires no attorney.

THE COURT: He desires no attorney or I would have appointed one for him.

THE COURT: There is no lawyer here, and I have to respect the rights of this other man.

■■ While the relator did indicate that he wished to proceed without a lawyer, we will not lightly assume that a criminal defendant has waived his right to counsel. As stated in Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), " 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and * * * we 'do not presume acquiescence in the loss of fundamental rights.' "

■ The trial judge is charged with the exacting duty of determining whether the accused has intelligently and understandingly made his decision to stand trial without the assistance of an attorney. He must do more than ask a few cursory questions. He must delve as far as possible into the mind of the defendant to learn whether he knowledgeably waived his right under the circumstances of the case. Mr. Justice Black asserted in his opinion in Von Moltke v. Gillies, 332 U.S. 708, 723–724, 68 S.Ct. 316, 323, 92 L.Ed. 309 (1948):

"To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. * * * A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered."

■ The District Attorney argues that because the relator had been tried at least five times previously for various crimes, he was therefore familiar with court procedure and his right to counsel. Nevertheless, his knowledge of his right to counsel on those occasions is not at all apparent from any records before this court or from the testimony at the re-

---

2. Mr. Oliensis was the Assistant District Attorney of Philadelphia County who tried the case for the Commonwealth.

cent hearing. The relator is a person of limited educational background, and we will not quickly assume that he had a complete comprehension of his legal rights.

■■ Moreover, the relator's previous criminal record and his contact with the criminal courts as· a defendant is only one factor that may be considered in determining whether a person has understandingly waived his right to counsel. Among other things the trial judge should consider are the extent of the defendant's education, his age, his mental condition, the existence of promises or threats inducing or coercing him, his understanding of the charges against him and the possible sentences involved, his knowledge of his constitutional right to counsel, and his understanding of the function of counsel and the possible consequences of his failure to have such assistance. It is clear from the record of his trial in the state court that the judge did not make the necessary comprehensive examination of the relator to determine the question of waiver. See Von Moltke v. Gillies, supra; United States ex rel. Slebodnick v. Commonwealth of Pennsylvania, 343 F.2d 605 (3d Cir. 1965); United States ex rel. McDonald v. Commonwealth of Pennsylvania, 343 F.2d 447 (3d Cir. 1965).

■ The relator has sustained his burden by showing by a preponderance of the evidence that he neither had nor intelligently waived his right to an attorney. We hold therefore that he was deprived of the assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

## ORDER

And now, this 28th day of February 1966, it is hereby Ordered that the relator be released from custody within thirty days unless during that time he is retried with the assistance of counsel by the Court of Oyer and Terminer and General Jail Delivery of Philadelphia County, Pennsylvania.