RODGERS, Justice:
We have carefully studied the record in this case and we are convinced that this case is a sequel to the facts set forth in Scott v. State, 190 So.2d 875 (Miss.1966). The appellant obviously was persuaded to plead guilty without an attorney. He was an indigent, and there is no evidence to show that the defendant knowingly waived his constitutional right to be represented by counsel. The trial judge was misled into believing that the defendant had counsel, because he was accompanied by lawyers who represented his wife. This is an unfortunate assumption; nevertheless, an indigent who is charged with a serious crime is entitled to have an attorney appointed to aid him in his defense, and a failure to appoint counsel will require a reversal of his sentence, unless this constitutional right is waived. Conn v. State, 251 Miss. 488, 170 So.2d 20 (1964); Harvey v. State of Mississippi, 340 F.2d 263 (5th Cir.1965); United States ex rel. Craig v. Myers, 329 F.2d 856 (3d Cir.1964), aff’g 220 F.Supp. 762 (E.D.Pa.1963).
The judgment of sentence entered by the trial court in the original case and the judgment entered upon the petition filed by the appellant for a writ of error coram nobis is hereby set aside. The order of the trial court denying a new trial on the writ of error coram nobis will be reversed. His previous plea of guilty will be set aside. The trial court will appoint an at *755 torney for appellant (unless he has obtained counsel of his own employment), and the appellant, Earl E. Scott, will be granted a new trial upon a new arraignment.
A new trial is hereby granted upon the application for a writ of error coram nobis.
Reversed and remanded.
GILLESPIE, P. J., and BRADY, PATTERSON and SMITH, JJ., concur.