# Commonwealth ex rel. McCray, Appellant, *v.* Rundle.

Argued April 28, 1964. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*David C. Harrison,* with him *Matthew Kramer,* for appellant.

*Charles Jay Bogdanoff,* Assistant District Attorney, with him *Burton Satzberg* and *Thomas M. Reed,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, July 1, 1964:

The appellant, Robert McCray, after indictment was tried before a judge without a jury for: (1) Conspiracy; (2) Statutory rape; (3) Assault and battery; (4) Contributing to the delinquency of a minor. He was convicted on all four indictments and sentenced to the Eastern State Correctional Institution for an indeterminate term of from five to ten years.

An appeal was timely filed to the Superior Court, pro personam, which was eventually quashed because of failure to properly perfect it.

Subsequently, a petition for habeas corpus was filed in the Court of Common Pleas of Philadelphia County which was dismissed. On appeal, the Superior Court in a four to three decision affirmed this order. We granted allocatur and this appeal is presently before us.

At the above trial, the defendant, McCray, was unrepresented by counsel. The single legal question in issue is whether or not he understandingly and intelligently waived his constitutional right to the assistance of counsel. We conclude that he did not.

One McWarren was tried jointly with McCray on the same charges. When the case was called for trial,

a representative of the Philadelphia Defenders' Office appeared on behalf of McWarren, but declined to represent McCray because he believed a conflict in interest existed. The assistant district attorney then questioned McCray as follows: "Q. McCray, stand up. Do you have a lawyer? A. No, sir. Q. Can you afford a lawyer? A. I have tried unsuccessfully to retain counsel. I was talking to Mr. Cain. However, since it is listed for this morning, I am willing to go along with it for trial to be disposed of, sir."

The court then entered the discussion with a single question: "Q. You are willing to proceed without an attorney? A. Yes, sir."

The trial, without more, then proceeded with Mc-Warren's counsel attempting to prove that the crimes involved, if committed, were the acts of McCray. The sole factual witness for the prosecution was the victim, a fifteen-year old girl, who had given birth to a child out of wedlock some months before. Both defendants were found guilty.

In *Gideon v. Wainwright*, 372 U. S. 335, 83 S. Ct. 792 (1963), the Supreme Court of the United States ruled that indigent defendants in criminal trials in state courts involving felonies have the right to the assistance of counsel, and that a trial and a conviction without such counsel is void and in violation of the Fourteenth Amendment to the United States Constitution. In *Commonwealth ex rel. Craig v. Banmiller*, 410 Pa. 584, 189 A. 2d 875 (1963), we construed *Gideon* to apply prospectively. However, in three subsequent decisions, the Supreme Court of the United States apparently indicated the ruling was retroactive. See, *Weigner v. Russell*, 372 U. S. 767, 83 S. Ct. 1104 (1963); *Vecchiolli v. Maroney*, 372 U. S. 768, 83 S. Ct. 1105 (1963); *Garner v. Pennsylvania*, 372 U. S. 768, 83 S. Ct. 1105 (1963). In *United States v. Myers*, 220 F. Supp. 762 (1963), the United States District Court

of the Eastern District of Pennsylvania specifically so held. The United States Third Circuit Court of Appeals subsequently affirmed this decision, 329 F. 2d 856 (1964).

However, the Supreme Court of the United States has also decided that counsel need not be forced upon a defendant and that, under appropriate circumstances, he may waive the right to be so represented. *Carter v. Illinois,* 329 U. S. 173, 67 S. Ct. 216 (1946). However, for the waiver to be valid and effective, it must be the competent and intelligent act of the accused: *Johnson v. Zerbst,* 304 U. S. 458, 58 S. Ct. 1019 (1938); *Moore v. Michigan,* 355 U. S. 155, 78 S. Ct. 191 (1957). In determining whether or not the right to the assistance of counsel is "intelligently" waived, all of the facts and circumstances of the particular case, including the background and conduct of the accused, must be examined and considered, *Johnson v. Zerbst,* supra. Further, when a judgment of conviction is collaterally attacked in habeas corpus proceedings on the ground that the defendant did not have the benefit of counsel, it is his burden to establish that the right to the assistance of counsel was not competently and intelligently waived: *Moore v. Michigan,* supra. By the same token, courts should indulge every reasonable presumption against waiver of fundamental constitutional rights and not presume acquiescence in their loss: *Johnson v. Zerbst,* supra.

What constitutes a competent and intelligent waiver to the assistance of counsel and the trial court's responsibility in determining if such exists was indicated in the case of *Von Moltke v. Gillies,* 332 U. S. 708, 724, 68 S. Ct. 316 (1948), wherein at 323, the court stated: "To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the

charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. *A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.*" (Emphasis supplied.)

In the present case, the crimes charged were of a very serious nature. The defendant McCray's position was difficult even if properly represented. The possible defenses available were involved and in some instances highly technical. Despite this, the trial court made no attempt to acquaint him with an apprehension of the charges or the possible defenses thereto. He was not asked if he understood the substantial differences in the various indictments. The possibility of the defense of reputation for prior unchasity by the victim to the rape indictment was unmentioned. Likewise, the right to subpoena witnesses and the very important factor involving the possible effect of the adverse position of the co-defendant and his counsel were not alluded to. In fact, the trial court made no analysis at all. McCray was confronted, not only with the efforts of the district attorney to convict, but also the determination of counsel for the co-defendant to place the blame upon him. Under the circumstances, it is difficult to conclude that a fair hearing ensued or that an extremely important and fundamental right was intelligently forfeited. In any event, the trial court took no steps to make sure that the latter was the case.

If proper inquiry had been made, it would have been ascertained, that the defendant had attempted to secure his own counsel without success; that as a result he was depending upon the services of the Defenders' office and was not advised until the last moment that such would be denied; and, all important-

ly, that he was inadequately prepared to meet the serious challenge presented.

In support of its position that the waiver was made with complete understanding, the Commonwealth asserts that McCray is a mature, intelligent individual with a professional background. Also, that he had prior court experience.

The record does not disclose the extent of his education. An examination by the court should have disclosed this.

The assertion that he is a "professional man" stems from his claim that he is an ordained minister. The truth is that his ordination was based upon training received at a local church and is hardly the type that one associates with the term "professional."

Finally, the fact that the defendant cross-examined witnesses and actively participated in the trial, while important, is not in itself persuasive. A reading of the record indicates that his limited skills were inadequate for the occasion. Also, in *Gideon*, supra, the defendant actively participated in the trial, but this did not prevent invalidation of the conviction.

In *Glasser v. United States*, 315 U. S. 60, 62 S. Ct. 457 (1942), where the accused was a former United States Attorney, the opinion indicated that the trial court should not consider lightly the question of waiver of the right to counsel. In the present case, the inquiry by the trial court was too superficial and inadequate to insure that fundamental rights were protected.

Order reversed and record remanded with directions that the writ issue and a new trial ordered.

Mr. Chief Justice BELL dissents.