Commonwealth *v.* Sliva, Appellant.

Submitted September 30, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Henry Sliva,* appellant, in propria persona.

*Ward F. Clark,* First Assistant District Attorney, and *William J. Carlin,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, November 10, 1964:

Defendant was convicted by a jury of armed robbery, duly sentenced, and the judgment of the Court of Quarter Sessions was affirmed by the Superior Court. However, the Superior Court denied the motion of appellant, an indigent defendant, for appointment of counsel to argue his case before it. We allowed an allocatur.

A person convicted of and sentenced for armed robbery is entitled to an appeal to the Superior Court, as *of right.* Act of June 24, 1895, P. L. 212, §7(a), 17 P.S. §182, with its amendments, as amended by the Act of August 14, 1963, No. 401, P. L. 819. However, a person convicted of and sentenced for armed robbery *has no right of appeal* to the Supreme Court, although an appeal from the decision of the Superior Court to the Supreme Court may be "specially allowed by the Superior Court itself or by any one Justice of the Su-

preme Court." Act of June 24, 1895, P. L. 212, §7(e), as amended, 17 P.S. §190. See to the same effect, *Stais v. Sears, Roebuck & Co.,* 378 Pa. 289, 290, 106 A. 2d 216; *Kraemer v. Guarantee Trust and Safe Deposit Company,* 173 Pa. 416, 418, 33 A. 1047. Cf. also, Act of February 15, 1870, P. L. 15, §1, 19 P.S. §1186. To repeat, defendant's only *appeal as of right* is to the Superior Court.

The Sixth Amendment to the Constitution provides that "In all criminal prosecutions, the accused shall . . . have the assistance of counsel for his defense" and a denial of that right would constitute a violation of the Amendment. It is clear, therefore, that every person accused of crime is entitled to the assistance of counsel for his defense. Moreover, if the accused is indigent the Commonwealth must in every alleged felony and in every serious case furnish him, whether requested or not, counsel for his defense (a) *at every critical stage* * of the proceedings below: *Carnley v. Cochran,* 369 U.S. 506, 513; *Uveges v. Pennsylvania,* 335 U.S. 437, 441; see also: *White v. Maryland,* 373 U.S. 59; *Gideon v. Wainwright,* 372 U.S. 335; *Hamilton v. Alabama,* 368 U.S. 52; and (b) *in any direct appeal from a judgment of sentence which he has as of right: Douglas v. California,* 372 U.S. 353, 356-358. However, this "constitutional right [to counsel] does not justify forcing counsel upon an accused who wants none": *Moore v. Michigan,* 355 U.S. 155, 161; and, in every criminal case, an accused can waive whatever

---

* As to the rights of an accused when the police investigation has passed from the investigatory stage to the accusatory stage, see *Escobedo v. Illinois,* 378 U.S. 478. See also the following cases which were handed down the same day as this Opinion: *Commonwealth ex rel. O'Lock v. Rundle,* 415 Pa. 515, 204 A. 2d 439; *Commonwealth ex rel. Remcriez v. Maroney,* 415 Pa. 534, 204 A. 2d 450. Cf. also, *Commonwealth ex rel. Goodfellow v. Rundle,* 415 Pa. 528, 204 A. 2d 446.

Constitutional rights he possesses, if the waiver is intelligently and understandingly made: *Carnley v. Cochran,* 369 U.S., supra; *Uveges v. Pennsylvania,* 335 U.S., supra; *Moore v. Michigan,* 355 U.S., supra; *Johnson v. Zerbst,* 304 U.S. 458; *Commonwealth ex rel. McCray v. Rundle,* 415 Pa. 65, 202 A. 2d 303.

While defendant had no counsel at his trial in the Court of Quarter Sessions, his right to counsel was, as he concedes, not violated in that trial but was violated in and only in the Superior Court.

The judgment of the Superior Court is reversed and the record remanded * to that Court for further proceedings consistent with this Opinion and the hereinabove cited cases.

---

\* Act of March 31, 1860, P. L. 427, §61, 19 P.S. §1185.