## Commonwealth ex rel. Goodfellow, Appellant, *v.* Rundle.

Submitted October 2, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Thomas F. Goodfellow,* appellant, in propria persona.

*Thomas A. Pitt, Jr.,* Assistant District Attorney, and *A. Alfred Delduco,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, November 10, 1964:

Thomas Goodfellow, without counsel, was sentenced in 1959 to imprisonment for prison breach and larceny. The sentences followed pleas of guilty to both charges. In 1963, Goodfellow sought a writ of habeas corpus alleging that absence of counsel at the 1959 guilty pleas and sentencings deprived him of his liberty without due process of law. The court of common pleas denied the writ after argument, but without a hearing.[1] The denial was appealed to the Superior Court. That Court, believing the issues were of "vital importance to the Commonwealth," certified the matter to this Court under the appropriate statute.[2]

Along with the certification, the Superior Court appended an opinion which sought to lay down broad guidelines for our courts in reviewing habeas corpus petitions grounded on lack of counsel.[3]  203 Pa. Superior Ct. 419, 201 A. 2d 615 (1964).  Three of the judges

---

[1] Adhering to our ruling in *Commonwealth ex rel. Craig v. Banmiller,* 410 Pa. 584, 189 A. 2d 875 (1963), the court reached its result on the theory that *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792 (1963), was not to be applied retroactively. (See note 4, infra.) Applying pre-*Gideon* standards of "ingredient of unfairness," the court denied the writ.

[2] Act of June 24, 1895, P. L. 212, §10, 17 P.S. §197. Six of the seven members of the Superior Court concurred in certifying the case.

[3] Three of the seven judges joined in this opinion. The four other members of the Court took issue with certain major aspects of the guideline opinion. Three of these latter judges joined in a separate concurring opinion.

were at that time of the view that *Gideon* was not to be applied retroactively,[4] but assuming that it was and that it was to be applied to guilty pleas, petitioner, by alleging only that no counsel was offered to him, had not alleged sufficient facts to entitle him to a writ or to a hearing on the petition. These judges would have affirmed the denial of the writ. One of the judges did not join in this opinion, but he also believed that the order below should be affirmed. The remaining three judges would have remanded the case for a hearing at which the relator would have the burden of establishing his indigency or other inability to procure counsel at the time of the guilty pleas.

The case, so certified, is now before us.[5] Although the objective of a guideline opinion for the assistance of trial courts may be generally commendable, that mission in this complex and developing area was not here achieved. This Court's recent decisions in *Commonwealth ex rel. McCray v. Rundle,* 415 Pa. 65, 202 A. 2d 303 (1964), and *Commonwealth ex rel. O'Lock v. Rundle,* 415 Pa. 515, 204 A. 2d 439 (1964), indicate that much of what was said in the guideline opinion filed in the Superior Court does not express the current permissible constitutional doctrines to be applied to habeas corpus proceedings. Our reading of *Carnley*

---

[4] The opinions in the Superior Court were filed at a time (June 23, 1964) when our ruling in *Commonwealth ex rel. Craig v. Banmiller*, supra note 1, had not yet been reconsidered in *Commonwealth ex rel. McCray v. Rundle*, 415 Pa. 65, 202 A. 2d 303 (July 1, 1964).

[5] Four days after the opinions of the Superior Court were filed and the case certified, petitioner sought to take steps to discontinue his appeal. He assigned as his reason for discontinuance his belief that, because of the Superior Court's opinions, counsel would be assigned in the future. In light of the certification and the opinions filed in the Superior Court, we deemed it in the best interests of the administration of criminal justice to refuse the discontinuance. See also Rule 10, Rules of the Superior Court.

*v. Cochran,* 369 U.S. 506, 82 S. Ct. 884 (1962), *Rice v. Olson,* 324 U.S. 786, 65 S. Ct. 989 (1945), *Johnson v. Zerbst,* 304 U.S. 458, 58 S. Ct. 1019 (1938), and other cases, supports this conclusion. The proper disposition of the matter before us does not require as broad a discussion as that attempted below.[6]

In our view, the order of the court of common pleas should not be affirmed. We have recently concluded that the rule of *Gideon v. Wainwright,* supra, is to be applied to cases tried prior to the date of that opinion. *Commonwealth ex rel. O'Lock v. Rundle,* 415 Pa. 515, 204 A. 2d 439 (1964) ; *Commonwealth ex rel. McCray v. Rundle,* supra. We have also decided that our courts must apply the *Gideon* rule to a plea of guilty. *Commonwealth ex rel. O'Lock v. Rundle,* supra. We have further held that counsel must be afforded at sentencing procedures. *Commonwealth ex rel. Remeriez v. Maroney,* 415 Pa. 534, 204 A. 2d 450 (1964). Thus, as applied to the merits of the case presently before us, Goodfellow was denied his constitutional right to counsel unless he understandingly and intelligently waived that privilege. Such waiver is, of course, possible. *Johnson v. Zerbst,* supra; *Commonwealth ex rel. O'Lock v. Rundle,* supra; *Commonwealth ex rel. McCray v. Rundle,* supra. Here, however, the transcript of the hearing at which the pleas were taken and the

---

[6] It is not inappropriate to suggest that our courts must "read inartfully drawn petitions liberally in favor of the petitioner...." Meador, "Accommodating State Criminal Procedure and Federal Postconviction Review," 50 A.B.A.J. 928 (1964). "A petition for habeas corpus ought not to be scrutinized with technical nicety." *Holiday v. Johnston,* 313 U.S. 342, 350, 61 S. Ct. 1015, 1017 (1941) ; *Rice v. Olson,* 324 U.S. 786, 792, 65 S. Ct. 989, 992 (1945). This is especially true of petitions drawn, as they frequently are, by prisoners. Both fairness and finality dictate that this be done if we are to approach the desired result of having constitutional claims properly heard and justly adjudicated.

sentences imposed is absolutely devoid of any reference to counsel.[7]

Under our constitutional system, the accused,[8] regardless of financial status, is guaranteed the right to the assistance of counsel, either counsel of his own choosing or, if indigent or otherwise unable to secure counsel, counsel assigned by the court. See *Gideon v. Wainwright,* supra. Moreover, the conviction or hearing record must show that the accused was advised or was aware of his right to counsel. *Commonwealth ex rel. O'Lock v. Rundle,* supra. In the absence of such a showing, indigency is not in issue. Unless waived, if counsel is not afforded, due process is violated. This record is utterly without suggestion or a single element of waiver. Waiver may not be found from a mere plea of guilty, *Rice v. Olson,* supra, from the appearance of the accused without counsel, ibid., or from failure to request counsel, *Carnley v. Cochran,* supra. Nor may it be presumed from a silent record. Ibid.

Since there has been no allegation by the Commonwealth of waiver and since the record does not, in any way, sustain a finding of waiver, we must hold that petitioner was unconstitutionally denied the assistance of counsel. In light of our conclusions, it is unnecessary to remand the matter to the court of common pleas for a hearing on the question of waiver, indigency

---

[7] The record clearly shows that there was no dialogue between the court and the accused. In fact, Goodfellow was asked and said nothing at the hearing. The district attorney conveyed to the court the fact that the accused was pleading guilty to the charges. Neither the court nor the district attorney asked any questions of the petitioner, nor was any remark directed to him other than the sentencing itself.

[8] Although it is not as yet entirely clear whether the *Gideon* principle comprehends all crimes or only serious offenses, the crimes involved in this case certainly fall within the ambit of the *Gideon* ruling.

or any other matter. See *Carnley v. Cochran,* supra, at 516-17, 82 S. Ct. at 890.

Our disposition is without prejudice to relator's right to withdraw his petition in the court of common pleas should he desire to do so.[9]

The order of the Court of Common Pleas of Chester County is reversed and the record is remanded to that court with directions to issue the writ and to grant new trials.

---

[9] See note 5, supra.