# Commonwealth ex rel. Groves, Appellant, *v.* Maroney.

Submitted October 5, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

236

*Gerald E. Groves,* appellant, in propria persona.

*W. Bertram Waychoff,* District Attorney, for appellee.

OPINION PER CURIAM, January 5, 1965:

The appellant, Gerald E. Groves, plead guilty without the assistance of counsel to several indictments charging the commission of felonies, and was sentenced to a state correctional institution. He subsequently instituted an action in habeas corpus in the Court of Common Pleas of Greene County, alleging violation of constitutional rights, which was dismissed without hearing. On appeal, the Superior Court affirmed. We granted allocatur.

In its opinion in the instant proceedings, the trial court states that the defendant appellant was advised of his constitutional rights at the time the guilty pleas were entered and rejected the assistance of counsel. This may be so, but the record certified to this Court is inadequate to determine if an effective waiver of counsel took place. The stenographic notes of the proceedings at the time of the pleas are not included in the files and, as noted before, no facts were estab-

lished at a hearing on the petition for the writ. While the petition for the writ filed in the lower court does aver, inter alia, that county officials (not identified) asked the appellant if he wished counsel and that he "ignorantly replied in the negative," this admission, in itself, in our opinion is not sufficient to warrant summarily dismissing the proceeding.

Therefore, the order of the Superior Court is reversed and the order of the Court of Common Pleas of Greene County is vacated. The record is remanded to the court of original jurisdiction for further consideration in light of our recent decisions in *Commonwealth ex rel. O'Lock v. Rundle*, 415 Pa. 515, 204 A. 2d 439 (1964), and *Commonwealth ex rel. Goodfellow v. Rundle*, 415 Pa. 528, 204 A. 2d 446 (1964).

Mr. Chief Justice BELL dissents.