## Commonwealth v. Johnson

*John S. Halsted*, for Commonwealth.

*John J. Duffy*, for defendant.

Kurtz, J., March 31, 1965.—By its order entered January 19, 1965, the Supreme Court reversed the order of the Superior Court and the order of our court of common pleas, refusing to issue a writ of habeas corpus upon defendant's application, and directed that he be granted a new trial upon the charges then pending against him to the above term and number in our court of oyer and terminer and general jail delivery, upon which he was then serving sentence: Commonwealth ex rel. Johnson v. Maroney, 416 Pa. 451 (1965).

In obedience to that directive defendant's case was called for trial at the next stated sessions of our court of oyer and terminer. At that time the Commonwealth's attorney moved that he be required to plead to the bill, his endorsement thereon bearing date April 6, 1956, indicating that he had waived the finding of a true bill and had then pleaded guilty, but his court-appointed counsel then objected pointing out that the so-called bills had never been acted upon by a grand jury, and that the observance of that requirement was a necessary step in the proper order of events before the accused could be required to plead. We then took the matter under advisement and directed that argument be had upon the question thus raised. That argument has now been heard and the question of whether the defendant may be required to plead must be decided.

We believe that defendant cannot be required to plead on this state of the record. No charge has been

as yet made against him since no indictment has been found. By the provisions of the Fifth Amendment to the Constitution of the United States and of article I, sec. 10, of the Constitution of this Commonwealth persons proceeded against for indictable offenses must first be indicted. See Commonwealth v. Cano, 389 Pa. 639 (1957), and cases cited therein.

We also point out that the Commonwealth cannot rely upon the words of waiver endorsed upon the so-called bills at the time this defendant originally appeared in our oyer and terminer and was sentenced. Although the Act of April 15, 1907, P. L. 67, sec. 1, as amended by the Act of June 15, 1939, P. L. 400, sec. 1, 19 PS §241, makes provision for the waiver by an accused of an indictment by a grand jury, such a waiver, being of a constitutionally-protected right, must be attended with all of the same understanding and intelligence as must a waiver of one's constitutional right to counsel.

In this case defendant's original plea of guilty was part and parcel of his waiver of indictment by grand jury. The words evidencing the waiver and the plea itself were both included within the same sentence. The waiver and the entry of the guilty plea were acknowledged by the defendant's one signature. Consequently, if one is vitiated by defendant's failure to understandingly and intelligently waive his right to counsel as the Supreme Court held it was so must the other be.

Accordingly we hold that this defendant, who has not yet been indicted and who has not intelligently and understandingly waived the right to have grand jury action taken upon the charges pending against him, cannot now be required to plead. Until such time as one or the other of the above steps has been taken, he cannot be arraigned. His objection to the arraignment as moved by the Commonwealth must be and is hereby sustained.