Commonwealth ex rel. McCray, Appellant, *v.* Myers.

410

Argued March 17, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Bernard L. Segal,* First Assistant Defender, with him *Herman I. Pollock,* Defender, for appellant.

*Gordon Gelfond,* Assistant District Attorney, with him *Joseph M. Smith,* Assistant District Attorney, *F.*

*Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY HOFFMAN, J., April 15, 1965:

Appellant, Cornelius McCray, was indicted on charges of aggravated robbery, carrying a concealed deadly weapon, and aggravated assault and battery by cutting. He pleaded guilty to the charges of aggravated robbery and carrying a concealed deadly weapon. On the charge of aggravated assault and battery by cutting, however, appellant pleaded not guilty and elected to stand trial by a judge without jury. After some testimony was taken, the Commonwealth, with the approval of the court, agreed to enter a nolle prosequi on this last indictment. At the conclusion of these proceedings, the court sentenced appellant to a term of not less than three nor more than ten years on the aggravated robbery charge and suspended sentence on the charge of carrying a concealed weapon. Appellant was not represented by counsel during these proceedings.

Subsequently, a petition for habeas corpus was filed in the Court of Common Pleas of Philadelphia County and was dismissed after hearing. Appellant was represented at this hearing by the Defender Association of Philadelphia. This appeal followed.

The Supreme Court in *Commonwealth ex rel. Mc-Cray[1] v. Rundle,* 415 Pa. 65, 67, 202 A. 2d 303, 304 (1964), was presented with the problem which now confronts us: "The single legal question in issue is whether or not he understandingly and intelligently waived his constitutional right to the assistance of counsel."

---

[1] This is not the same McCray as the appellant in the instant proceedings.

A complete review of the records of both the trial and the habeas corpus hearing is necessary to answer this question.

Earlier on the day of trial, appellant had appeared on these same charges before Judge VINCENT A. CARROLL of the Court of Common Pleas of Philadelphia County. At that time, after explaining to the court his efforts to obtain private counsel, he was informed by the court that his attorney would not represent him because an adequate fee could not be paid. Judge CARROLL then continued appellant's case so that appellant might obtain the services of the Defender. Instead of being returned directly to the County Prison, however, appellant was held briefly in the cell room in Philadelphia's City Hall and then taken before another judge who ultimately tried him.

Although appellant appeared without counsel, no inquiry was made by the judge into appellant's background prior to his pleas of guilty. After these pleas appellant was asked only his birth date (July 12, 1934), the extent of his schooling (7th grade), and whether he understood the nature of the charges against him and admitted them. Without more, the court proceeded to trial. After the Commonwealth's first witness had testified on direct examination, appellant was asked by the Assistant District Attorney: "MR. RIEFFEL: Do you want to ask this witness any questions? THE DEFENDANT: I don't have an attorney. BY THE COURT: Q. I thought you were supposed to go ahead without an attorney? A. That is not the understanding that I was being tried without an attorney. Q. You are 28 years old? A. Yes. MR. RIEFFEL: There will be additional evidence indicating that this man knows the basic fundamentals of criminal procedure. BY THE COURT: Q. Why didn't you ask for the voluntary defender? A. I did not. Q. Why not? A. During that time my parents were supposed to give me a lawyer, and

beings it is a financial problem I can't get a lawyer, and I was left without an attorney. I should like very much to consult with my wife and sisters. I will have to seek the voluntary defender, and I should like permission to talk to my wife and sister."

At this point the court called a recess, presumably to allow appellant to discuss this matter with members of his family who were present. Immediately after this recess the court continued: "BY THE COURT: Q. Do you have something to say now, Cornelius? A. Not at the present time. I am not too well rehearsed in the law. I hope very much if there is any way I made a mistake—I hope that you will help me out. Q. On this aggravated robbery bill, do you want that to remain? A. Yes. Q. Do you want to go to trial? A. Yes."

At the conclusion of the Commonwealth's case, appellant testified in his own behalf. He denied making certain admissions which a police detective had attributed to him. Appellant, in a rather confused fashion, testifed that he had committed the robbery, but that he did not know what had happened or why. He denied that he had used his knife. Further testimony of the appellant, his wife, and two sisters indicated that appellant had a history of mental illness, had been treated in the psychiatric division of the Philadelphia General Hospital in 1961 and 1962 and had once required the restraints of a strait jacket.

It is clear that at one point, in answer to the court's question, "Do you want to go to trial?", appellant answered, "Yes." The problem is whether, under all of the circumstances, appellant's answer and actions constituted a valid waiver of his right to counsel. The Pennsylvania Supreme Court, quoting *Von Moltke v. Gillies,* 332 U.S. 708, 724, 68 S. Ct. 316, 323 (1948), set forth the criteria for a valid waiver in *Commonwealth ex rel. McCray v. Rundle,* supra, pp. 69-70: "To be valid such waiver must be made with an apprehen-

414

sion of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. *A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.* [Emphasis supplied.]"

The trial judge made no such penetrating and comprehensive examination. His investigation was limited to the rather cursory question, "You understand the nature of the charges against you?" Importantly, the trial court made no effort to explain to the appellant the differences between aggravated robbery, which requires the use of a dangerous weapon or force, and robbery. This technical distinction becomes especially significant in light of appellant's denial of the use of a knife and the omission by him of any mention of the use of force. Thus appellant pleaded guilty to aggravated robbery while his testimony at trial contained, at best, the elements of robbery alone.

Appellant's history of mental illness supplied further reason for the trial court to hesitate in trying appellant without counsel. See *Commonwealth ex rel. McCray v. Rundle*, supra, p. 69.

The Supreme Court has emphasized the need to acquaint a defendant with an understanding of the charges and possible defenses, which are here readily apparent, especially when they are of a highly technical nature. *Commonwealth ex rel. McCray v. Rundle*, supra, p. 70; *Commonwealth ex rel. O'Lock v. Rundle*, 415 Pa. 515, 526, 204 A. 2d 439, 444-445 (1964). Yet this was never done.

Indeed, the record does not convince us that appellant did expressly waive counsel or was even aware that

he might be doing so. The Commonwealth infers such waiver from appellant's statements that he was aware that a Defender could represent him without fee and that he was willing to go to trial.

This conclusion ignores appellant's statements to the trial court that he had attempted to obtain counsel and had been financially unable to do so. It ignores appellant's clear indication that he wanted counsel to help him and did not expect to cross-examine the Commonwealth's witnesses alone. It ignores appellant's prior appearance in Judge CARROLL's court at which time his trial had been continued until he might obtain the services of the Defender.

The trial judge never offered appellant counsel, nor did appellant ever decline counsel after inquiry by the court. In fact, the implied waiver which the Commonwealth urges upon us is immediately preceeded by appellant's statement to the judge: "I am not too well rehearsed in the law . . . I hope that you will help me out."

The emptiness of the record itself militates against the Commonwealth's position.[2] Recently, Mr. Chief Justice BELL in *Commonwealth ex rel. Johnson v. Maroney,* 416 Pa. 451, 453-454, 206 A. 2d 322, 323 (1965), reaffirmed the Supreme Court's position that: "Waiver of counsel may not be found from a mere plea of guilty, or from the appearance of defendant without counsel,

---

[2] The importance of a complete record was recognized by the United States Supreme Court long before the current rash of cases stemming from the opinion in *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792 (1963). In 1938 the Supreme Court said, "While an accused may waive the right to counsel, *whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record."* [Emphasis supplied.] *Johnson v. Zerbst,* 304 U.S. 458, 465, 58 S. Ct. 1019, 1023 (1938).

or from failure to request counsel, or from a record which is completely silent on this point." See *Commonwealth ex rel. Goodfellow v. Rundle,* 415 Pa. 528, 532, 204 A. 2d 446, 448 (1964).

The Commonwealth, by stressing appellant's opportunity to confer with his family, may not place the burden on the appellant to prove that he did not waive his right to counsel. "Where, as here, the conviction record does not affirmatively show the accused was offered counsel and declined counsel after appropriate inquiry by the court, the burden may not be placed upon the accused to show that he did not intelligently and understandingly waive counsel. That burden rests upon the Commonwealth." *Commonwealth ex rel. O'Lock v. Rundle,* supra, p. 523. See *Carnley v. Cochran,* 369 U.S. 506, 516-517, 82 S. Ct. 884, 890 (1962).

In the absence of any realistic steps by the trial court to clearly ascertain appellant's understanding and intent, we cannot conclude that there was a fair hearing or that appellant intelligently forfeited his important and fundamental right to counsel. Appellant had attempted to secure his own counsel without success. He repeatedly indicated his desire for counsel. He was certainly inadequately prepared to meet the serious challenge presented by these charges.

The order of the Court of Common Pleas of Philadelphia County is reversed and the record is remanded to that court with directions to issue the writ and grant a new trial.