Commonwealth ex rel. Carter, Appellant, *v.* Myers.

480

Submitted December 14, 1964. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Mervyn Carter*, appellant, in propria persona.

*Richard A. Devlin*, Assistant District Attorney, and *Richard S. Lowe*, District Attorney, for appellee.

OPINION BY FLOOD, J., June 17, 1965:

The relator attacks the validity of his sentence (for firearms violation) of six to twenty-four months imposed by Judge GROSHENS upon the ground that he was not represented by counsel and did not intelligently waive counsel. The writ was dismissed by the court below and this court remanded for a hearing in the light of *Gideon v. Wainwright*, 372 U. S. 335 (1963). Following that hearing the court below found that there was no record of either waiver of counsel or of any explanation of the defendant's right to counsel, and further stated that the court had no recollection of the matter. The trial court, however, concluded that the defendant was properly advised of his rights because of the uniform practice of the judges in the Montgomery County Court of Quarter Sessions to call defendants for whom counsel is not listed to the bar of the court and to inquire about counsel, the desire for counsel, and to advise such defendants of their

right to court appointed counsel. These matters are not reported stenographically. While the relator, his mother, his grandmother and his grandfather testified that he was not informed of his right to counsel, the court held that he did not show by a fair preponderance of the evidence that he was denied the right to counsel.

In *Commonwealth ex rel. McCray v. Rundle,* 415 Pa. 65, 202 A. 2d 303 (1964), the Supreme Court of Pennsylvania considered the standard for finding an intelligent and knowing waiver of counsel in a criminal case. Mr. Justice EAGEN, quoted *Von Moltke v. Gillies,* 332 U. S. 708, 68 S. Ct. 316 (1948), which said: "To be valid such a waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered." *Commonwealth ex rel. McCray v. Rundle,* supra, at 69, 202 A. 2d at 305.

The notes of testimony from the August 7, 1964, hearing on waiver in the action before Judge GROSHENS do not show an intelligent and knowing waiver of counsel at the time of the trial. The determination of valid waiver is based on the court's "practice at the opening of a criminal jury trial day". Neither the judge nor the prosecuting district attorney recall this specific case or the specific day on which the trial was held. Both "feel" ". . . the matter must have been discussed with the relator at the opening of the court day . . ." Relator and his witnesses testified at the hearing that the procedure was not followed. Even if

it had been, the procedure as described in the opinion of the court below does not meet the standard of "penetrating and comprehensive examination of all the circumstances" set down in *Von Moltke v. Gillies, supra,* and adopted in this state in *Commonwealth ex rel. McCray v. Rundle, supra.*

We are asked to affirm the dismissal of relator's petition because the relator is serving another sentence imposed by Judge HONEYMAN on a guilty plea to a charge of assault and battery. This sentence was also six to twenty-four months, to run concurrently with the sentence of Judge GROSHENS. Both sentences will expire on October 6, 1965. The relator, who did not attack the second sentence below, argues here that it was in excess of the statutory maximum for simple assault and battery. The maximum sentence for simple assault and battery is two years. Act of June 24, 1939, P. L. 872, §708, 18 PS §4708. Therefore the sentence of six to twenty-four months was correct. Until this sentence expires on October 6, 1965, the petitioner is not entitled to his freedom under the law, even if the sentence being concurrently served for firearms violation were to be set aside.

Petitioner states on the last page of his brief that Judge HONEYMAN'S sentence was also imposed in the absence of counsel. If we are to affirm the opinion of the court below it must be on the ground that the concurrent sentence would still be in force and therefore the primary issue brought to us is moot.

There are no stenographic notes available for any of the proceedings against Carter in the Montgomery County Courts. On February 9, 1962, Carter pleaded guilty to the charge of assault and battery (Bill No. 406) and sentencing was deferred. He had no counsel at that time. On March 9, 1962, he was tried on three counts (Bills Nos. 406-1, 406-2, 406-3). He was found guilty by a jury only on Bill No. 406-2, violation of

the Uniform Firearms Act. It was this trial that was the subject matter of the August 7, 1964, hearing which in turn was the basis for the opinion of GROSHENS, J., from which Carter brought this appeal.

Under the circumstances of this case in which the finding of waiver of counsel at the time of trial on the firearms charge is not sustainable, we feel it would be grossly unfair to the petitioner to affirm solely on the basis of a concurrent sentence, the validity of which is in question. It is clear that an accused has a right to counsel at a hearing on his plea of guilty unless he understandingly and intelligently waives that right. *Commonwealth v. Sliva,* 415 Pa. 537, 204 A. 2d 455 (1964); *Commonwealth ex rel. Goodfellow v. Rundle,* 415 Pa. 528, 204 A. 2d 446 (1964); *Commonwealth ex rel. O'Lock v. Rundle,* 415 Pa. 515, 204 A. 2d 439 (1964); *Commonwealth ex rel. Johnson v. Maroney,* 416 Pa. 451, 206 A. 2d 322 (1965). In felony cases a waiver of counsel may not be found from a mere plea of guilty, or from the appearance of defendant without counsel, or from failure to request counsel, or from a record which is completely silent on this point. *Commonwealth ex rel. O'Lock v. Rundle,* supra, at 523, 204 A. 2d at 443.

The finding that Carter waived his right to counsel at trial on the firearms charge is not sustainable. The propriety of his incarceration therefore depends solely on whether or not he waived counsel effectively when he pleaded guilty to the assault and battery charge before Judge HONEYMAN. If this did not involve the appellant's constitutional rights, we would dismiss the claim, raised at this late date. Since it does, we remand it to the court below for hearing.

Order vacated and the record remanded to the court below.