## Commonwealth ex rel. Miller, Appellant, *v.* Myers.

Submitted March 1, 1965. Before ERVIN, P. J.,
WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFF-
MAN, JJ. (FLOOD, J., absent).

*Joseph William Miller*, appellant, in propria per-
sona.

*James R. Marsh*, District Attorney, for appellee.

OPINION BY HOFFMAN, J., June 17, 1965:

This is an appeal from an order of the Court of
Common Pleas of Monroe County denying a petition
for writ of habeas corpus without a hearing.

Appellant, Joseph William Miller, was arrested and
charged with several burglaries. On November 23,
1960, the Court of Quarter Sessions of Monroe County
sat for the purpose of receiving guilty pleas and sen-
tencing. When appellant was brought to court that
morning, counsel was appointed to represent him. After
consulting with counsel, appellant waived indictment
by a grand jury and pleaded guilty to the crimes
charged.

After the pleas of guilty were entered, the District
Attorney asked the court if it wished to hear testimony

on the facts of each crime prior to sentencing. The court indicated that it would.

Accordingly, in the afternoon of that same day, the investigating police officers testified briefly about each of the burglaries. After hearing this testimony, the court questioned appellant directly and then sentenced him. Appellant's attorney was not present throughout this afternoon session. The Commonwealth explains in its brief that counsel ". . . was not present when the testimony was taken in that he had previous commitments and informed the District Attorney that he did not object to having testimony taken and sentencing done in his absence." In our opinion, counsel's wilful failure to appear at the afternoon session, without appellant's understanding approval, was tantamount to an abandonment of appellant without counsel.

"A hearing on a guilty plea or at the time of sentencing is a 'critical stage' in the proceedings against an accused, at which the accused is entitled to representation by counsel." *Commonwealth ex rel. Johnson v. Maroney,* 416 Pa. 451, 452, 206 A. 2d 322, 323 (1965) ; see also *Commonwealth ex rel. Remeriez v. Maroney,* 415 Pa. 534, 204 A. 2d 450 (1964).

The judge never asked appellant whether he was prepared to proceed at this critical stage without counsel. Indeed, he completely ignored his own action in appointing counsel for appellant that very morning. In effect, he offered appellant this constitutional right in the morning and withdrew it in the afternoon. Such a procedure was clearly improper.

We reject the Commonwealth's argument that appellant was at all times under the supervision and protection of the court and that, as a result, there was no prejudice to him. Mr. Justice ROBERTS, writing for the Supreme Court in *Commonwealth ex rel. Remeriez v. Maroney,* supra, at 536 n. 2, stated: ". . . [O]ur language in earlier cases that 'the absence of counsel at

the time of sentence does not constitute lack of due process if no harm or prejudice results . . .' must now be disapproved. We here hold that this inexcusable practice does violate due process."

The order of the Court of Common Pleas of Monroe County is reversed and the record is remanded to that court with direction to issue the writ so that appellant may be resentenced. All further proceedings are to be conducted in conformity with this opinion.