## Commonwealth ex rel. Robinson, Appellant, *v.* Myers.

Submitted May 24, 1965. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Harvey Robinson*, appellant, in propria persona.

*Lewis H. Markowitz, Earl R. Doll, Nevin J. Trout,* and *Elmer M. Morris*, Assistant District Attorneys, *John T. Miller*, First Assistant District Attorney, and *Daniel W. Shoemaker*, District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, January 4, 1966:

In December 1962, appellant, Harvey Robinson, was arrested in the City of York, Pennsylvania, in connection with the slaying of Marlene Perez. He was subsequently indicted and charged with her murder. Because of his indigency, Robinson secured court appointed counsel to represent him and entered a plea of not guilty. Brought to trial in May 1963 in the Court of Quarter Sessions of York County, he was convicted of voluntary manslaughter and sentenced to imprisonment for a term of 6 to 12 years. No post trial motions were filed and no appeal was taken from the judgment of sentence.

Subsequently, Robinson challenged his conviction collaterally by a petition for a writ of habeas corpus in the court below. His petition was dismissed without a hearing and this appeal followed.

In his petition for habeas corpus, Robinson alleged a number of trial errors which the court below refused

to entertain.[1] In so doing, the court acted properly. Collateral relief may only be predicated on fundamental or constitutional error and habeas corpus may not be employed in lieu of appeal to correct ordinary trial error.[2] However, as we read Robinson's petition, one contention, not adverted to by the court below, and, presumably, not considered, was of constitutional dimension and thus cognizable on habeas corpus. By failing to treat and dispose of this issue, the court below erred and its order must be vacated and the case remanded for further consideration.

In seeking relief, Robinson asserts that trial counsel, at the conclusion of the case, declined to undertake an appeal. He further asserts that, while imprisoned, he was without funds or knowledge to perfect an appeal absent such assistance. Thus, Robinson contends, although entitled to appellate review as of right,[3] the refusal of his appointed counsel to undertake the appeal effectively prevented him from exercising that right.[4]

---

[1] Robinson's principal allegations deal with the sufficiency of the evidence, the admissibility of certain evidence, and the charge of the trial court. We do not presently express any view with regard to the merits of these allegations beyond the conclusion that on the record of this case, they do not individually or collectively amount to such error as is cognizable on habeas corpus.

[2] See *Commonwealth ex rel. Rivers v. Myers*, 414 Pa. 439, 443, 200 A. 2d 303, 305, cert. denied, 379 U.S. 866, 85 S. Ct. 135 (1964); *Commonwealth ex rel. Johnson v. Rundle*, 411 Pa. 497, 504-05, 192 A. 2d 381, 384 (1963); *Commonwealth ex rel. Levine v. Fair*, 394 Pa. 262, 285, 146 A. 2d 834, 846 (1958); *Commonwealth ex rel. Ashmon v. Banmiller*, 391 Pa. 141, 144, 137 A. 2d 236, 238 (1958).

[3] Act of February 15, 1870, P. L. 15, §1, 19 P.S. §1186.

[4] In eliciting this contention, we have read Robinson's pro se petition with the required "measure of tolerance." Cf. *Wright v. Dickson*, 336 F. 2d 878, 881 (9th Cir. 1964), citing *Pike v. Dickson*, 323 F. 2d 856, 857 (9th Cir. 1963), quoting from *United States v. Glass*, 317 F. 2d 200, 202 (4th Cir. 1963). See also *Commonwealth ex rel. Goodfellow v. Rundle*, 415 Pa. 528, 532 n.6, 204 A. 2d 446, 448 n.6 (1964).

In determining whether the allegations contained in Robinson's petition were sufficient to warrant a hearing, we start with the basic proposition that where a State provides appellate review of criminal convictions as of right, it may not afford such review to indigents on terms less favorable than those afforded nonindigents. See *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963); *Draper v. Washington,* 372 U.S. 487, 83 S. Ct. 774 (1963); *Griffin v. Illinois,* 351 U.S. 12, 76 S. Ct. 585 (1956); cf. *Lane v. Brown,* 372 U.S. 477, 83 S. Ct. 768 (1963); *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792 (1963); *Commonwealth ex rel. Stevens v. Myers,* 419 Pa. 1, 213 A. 2d 613 (1965); *Commonwealth v. Sliva,* 415 Pa. 537, 204 A. 2d 455 (1964). More particularly, and more relevant to the case at hand, absent waiver, a State may not refuse to provide an indigent defendant with the assistance of counsel on appeal as of right. *Douglas v. California,* supra; cf. *Gideon v. Wainwright,* supra.

Thus, if Robinson remained indigent at the conclusion of his trial and if he did not waive his right to such assistance, he was constitutionally entitled to the appointment of counsel to prosecute his appeal. Moreover, the right to the assistance of counsel on appeal necessarily includes the right to such assistance in the critical task of taking and perfecting an appeal. See, e.g., *United States ex rel. Cooper v. Reincke,* 333 F. 2d 608 (2d Cir.), cert. denied, 379 U.S. 909, 85 S. Ct. 205 (1964); *Puckett v. State of North Carolina,* 343 F. 2d 452 (4th Cir. 1965); *Magee v. Peyton,* 343 F. 2d 433 (4th Cir. 1965); *Pate v. Holman,* 341 F. 2d 764 (5th Cir.), modified on other grounds, 343 F. 2d 546 (1965); *Chase v. Page,* 343 F. 2d 167 (10th Cir. 1965); *Commonwealth ex rel. Stevens v. Myers,* 419 Pa. 1, 213 A. 2d 613 (1965);

Accordingly, we are led to conclude that Robinson may not be foreclosed from exercising his right to appellate review of his conviction if his failure to assert that right was the result of an unconstitutional deprivation of the assistance of counsel. Cf. *Commonwealth ex rel. Stevens v. Myers,* 419 Pa. 1, 213 A. 2d 613 (1965). The right to such assistance, however, as is the case with all constitutional rights, may, under appropriate circumstances, be waived. Cf. *Henry v. Mississippi,* 379 U.S. 443, 85 S. Ct. 564 (1965); *Commonwealth ex rel. Johnson v. Maroney,* 416 Pa. 451, 453-54, 206 A. 2d 322, 323 (1965). Therefore, if Robinson waived his right to the assistance of counsel in securing appellate review, his failure to take and perfect an appeal within the time period permitted by statute precludes him from presently asserting any claim thereto.

On the present record, however, we are unable to determine the merits of Robinson's claim. Under such circumstances, our only recourse is to remand the case to the court below with directions to hold an evidentiary hearing at which time the circumstances of Robinson's failure to take an appeal will be fully explored.

If the habeas corpus court should conclude, following such hearing, that no denial of Robinson's constitutional rights occurred, it shall enter an order dismissing the petition. However, in the event the court determines that his constitutional right to the assistance of counsel on appeal was infringed, it shall enter an order to that effect and transfer the record to the Court of Quarter Sessions of York County. Upon such transfer, the Court of Quarter Sessions of York County shall enter an order authorizing appeal from the judgment of sentence and for the appointment of counsel for such appeal.

Should it be concluded that there was a denial of appellant's right to the assistance of counsel on appeal, this Court will permit, on motion of appointed counsel, the docketing of an appeal as if timely filed.[5]

The order of the Court of Common Pleas of York County is vacated and the record remanded for proceedings consistent with this opinion.

Mr. Justice COHEN took no part in the consideration or decision of this case.

---

[5] The parties have their usual right of appeal from the order of the court below.