Commonwealth *v.* McMullin, Appellant.

Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*William McMullin,* appellant, in propria persona.

*Joseph M. Smith,* Assistant District Attorney, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, November 15, 1966:

The petition for allocatur is granted, the order of the Superior Court vacated and the record remanded to the Court of Quarter Sessions of Philadelphia Coun-

ty, with directions to hold a hearing to determine if petitioner was deprived of the assistance of counsel in violation of the decision of the Supreme Court of the United States in *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963), and the decisions of this Court in *Commonwealth ex rel. Fink v. Rundle,* 423 Pa. 133, 222 A. 2d 717 (1966); *Commonwealth ex rel. Newsome v. Myers,* 422 Pa. 240, 220 A. 2d 886 (1966); *Commonwealth ex rel. Branam v. Myers,* 420 Pa. 77, 216 A. 2d 89 (1966); *Commonwealth ex rel. Robinson v. Myers,* 420 Pa. 72, 215 A. 2d 637 (1966). Should the hearing court determine that petitioner intelligently and knowingly waived his right to the assistance of counsel on appeal, the order of the Superior Court will be reinstated. Should the court conclude that petitioner did not knowingly and intelligently waive his right, it shall appoint counsel to represent petitioner on direct appeal to the Superior Court from judgment of sentence. In the event that it is concluded that there was a denial of petitioner's right to counsel, the Superior Court will permit, on motion of appointed counsel, the docketing of an appeal as if timely filed.